UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROGER HAVRANEK; VAIDOTAS V. ZIEVYS,<br><br>                     Plaintiffs,<br>    v.<br><br>NATIONSTAR MORTGAGE, LLC, et al.,<br><br>                     Defendants. | CASE NO. C18-5734 BHS<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiffs Roger Havranek and Vaidotas Zievys's motion for temporary restraining order (Dkt. 2). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On September 8, 2018, Plaintiffs filed a complaint against Defendants GreenPoint Mortgage Funding, Inc., Nationstar Mortgage, LLC, Quality Loan Service Corp of Washington ("QLS"), and US Bank National Association ("Defendants") asserting numerous claims regarding the impending foreclosure of Plaintiffs' home. Dkt. 1.

ORDER - 1

Plaintiffs also filed a motion for a temporary restraining order and noted it for consideration on the Court's September 14, 2018 calendar. Dkt. 2.

On September 10, 2018, Plaintiff filed an amended complaint against Defendants asserting claims for declaratory relief, promissory estoppel, unjust enrichment, contractual breach of good faith and fair dealing, and a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e) ("FDCPA"). Dkt. 7. Plaintiff also filed an amended motion for a temporary restraining order ("TRO") and noted it as a same-day motion. Dkt. 7. Plaintiffs assert that QLS, under the direction of the other Defendants, has scheduled a foreclosure sale of their property for 11:00AM on September 14, 2018. *Id*. ¶ 4.

## II. DISCUSSION

Plaintiffs move for a TRO under Fed. R. Civ. P. 65 and Local Rule CR 65. Dkt. 7. Plaintiffs, however, have failed to satisfy the requirements of giving notice under either rule. Although issuing a TRO without notice is disfavored, it is not impermissible. Plaintiffs are required to certify in writing the efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65 (b)(1). Plaintiffs state that their attorney will email a copy of the TRO to QLS immediately upon filing, but fail to address why their attorney could not email the motion for a TRO or amended complaint. The local rule requires contact information for the opposing party or its counsel. CR 65(b)(1). Plaintiffs have failed to include these addresses with their motion. Therefore, the Court denies Plaintiffs' request to issue a TRO without notice to the adverse parties.

Regarding the merits of Plaintiffs' motion, the Court finds numerous flaws.  First, the only federal claim does not warrant an injunction.  Generally, the FDCPA comprehensively regulates the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive practices.  *See, e.g.*, 15 U.S.C. §§ 1692b (governing the acquisition of location information), 1692e (prohibiting misleading or deceptive practices).  While Plaintiffs may recover monetary damages for violations of the FDCPA, they have failed to show that any violation of the statute warrants restraint of a foreclosure sale.  Plaintiffs allege in their complaint that the Supreme Court granted certiorari in *Obduskey v. McCarthy & Holthus LLP*, 138 S. Ct. 2710 (2018), "to decide the question as to whether a nonjudicial foreclosure is subject to the Fair Debt Collection Practices Act."  Dkt. 6, ¶ 55.  The questions presented, however, address whether the FDCPA may govern collection acts in a nonjudicial foreclosure proceeding and do not address whether technical violations of the statute warrant restraint of an otherwise lawful foreclosure.  *See* 2018 WL 1359494 (petition for writ).  Therefore, Plaintiffs have failed to show that their FDCPA claim provides any basis to restrain the pending foreclosure sale.

Turning to the state law claims, the Washington Deed of Trusts Act ("DTA") requires five-days' notice and a bond before any foreclosure may be restrained.  RCW 61.24.130.  Plaintiffs have failed to establish that they gave any defendant five-days' notice of their motion or that they are prepared to post a bond in the amount of their monthly payment or the amount they are allegedly in arears.  In the absence of these conditions, the Court declines to address the merits of their claims and denies the motion.

## III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motions for temporary restraining orders (Dkts. 2, 7) are **DENIED**.

Dated this 11th day of September, 2018.

BENJAMIN H. SETTLE
United States District Judge